# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

MARLON MALLORY,                                                      PLAINTIFF
ADC #142660

V.                        4:20CV00829-BSM-JTK

AARON SMITH                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Mallory is a state inmate incarcerated at the Varner Unit of the Arkansas Division of Correction (ADC) who filed this pro se 42 U.S.C. § 1983 action alleging medical malpractice by Defendant in violation of his constitutional and state law rights.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.   Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

### III.   Facts and Analysis

Plaintiff alleges that Dr. Smith treated him on December 26, 2019[1] and changed the dressing on his infected right foot. (Doc. No 2, p. 7) Although Smith told Plaintiff that someone else would replace the dressing on his wound, he failed to properly enter the instructions in the electronic medical system. (Id., p. 8) Eight days after Plaintiff saw Smith, he removed the dressing himself to clean his wound and then filed a grievance on December 4, 2019 (Id., p. 7)   According to the grievance response Plaintiff quotes in his Complaint, Smith saw Plaintiff on November 26, ordered antibiotics, elevation and continuation of dressings, but failed to properly enter the dressing changes in the computer system. (Id., p. 8) In addition, on appeal, Director Griffin replied that according to Plaintiff's medical record, a nurse saw Plaintiff on December 5, 2019, and noted no swelling to the wound, no warmth, minimal drainage, and cleaned the wound and applied

---

[1] This date appears to be erroneous, since Plaintiff alleged that after he waited eight days for a dressing change, he filed a grievance on December 4, 2019. (Id.) And according to the grievance Plaintiff filed, he was seen by Dr. Smith on November 26, 2019. (Id, p. 8)

a dry dressing. (Id., p. 9) Dr. Smith again saw Plaintiff on December 20, 2019 and noted that the wound was smaller and healing, and entered orders to have the foot cleaned and dressed three times a week. (Id.) The records also indicated that Plaintiff began to receive dressing changes on December 23, 2019. (Id.) Plaintiff claims his foot is worse in infection, pain, smell and no treatment. (Id., p. 11) He claims Smith's actions violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment and constituted deliberate indifference as well as medical malpractice. (Id.)

To support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant acted with deliberate indifference to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional

violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

According to the facts set forth in Plaintiff's Complaint, Dr. Smith treated Plaintiff on November 26, 2019 and changed the dressing on his foot. However, because he failed to enter an order for dressing changes into the electronic records, Plaintiff did not receive another dressing until he saw a nurse on December 5, 2019. At that time, the nurse noted that Plaintiff's wound was not swollen or warm and showed minimal drainage. Plaintiff's dressing was again changed by a nurse on December 17, 2019, and Dr. Smith saw him on December 20, 2019. At that time he noted the wound was smaller and healing and entered orders to have the foot cleaned and dressed three times a week. On December 23, 2019, Plaintiff began to receive the dressing changes.

Based on these facts, Plaintiff received dressing changes at least four times within a month, and the records of his December 20, 2019 visit was Smith noted the wound was smaller and healing. Plaintiff does not set forth any facts to support a claim that Smith acted with deliberate indifference to his serious medical needs or that any delay in receiving a dressing change resulted in a detrimental effect on his healing. At the most,

Smith's failure to correctly enter the dressing change orders into the computer amounts to negligence, which does not support a constitutional claim for relief.   And absent a constitutional claim, the Court finds Plaintiff's state law negligence and medical malpractice claims should be dismissed. See McLaurin v. Prater, 30 F.3d 982, 984-94 (8th Cir. 1994).

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendant be DISMISSED for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 15th day of July, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.